288 So.2d 842 (1974)
Rodney M. JOHNSON
v.
STATE of Mississippi.
No. 47652.
Supreme Court of Mississippi.
January 28, 1974.
*843 John W. Christopher, Canton, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Sp. Asst. Atty. Gen., Jackson, for appellee.
SMITH, Justice:
Rodney M. Johnson was indicted for the crime of kidnapping. Mississippi Code 1942 Annotated section 2238 (1956). He was tried and convicted in the Circuit Court of Madison County and sentenced to serve a term of 18 years in the penitentiary. Section 2238 defines the crime of kidnapping as follows:
Any person who shall without lawful authority forcibly seize and confine any other person, or shall inveigle or kidnap any other person with intent to cause such person to be secretly confined or imprisoned against his or her will... . (Shall be guilty of kidnapping).
The facts in the case now before us are undisputed. At approximately 2:15 on the morning of February 19, 1973, Johnson drove his automobile to a service station located on County Line Road in Madison County. When Dillon, the station attendant, came out to ascertain Johnson's requirements, Johnson forced Dillon into the automobile at pistol point. Johnson then drove several miles into Hinds County with Dillon confined in the car. There Johnson stopped, robbed Dillon of his money, and threatened to kill him. However, he did not do so but released Dillon.
Johnson now contends that the verdict finding him guilty of kidnapping was neither in accord with the evidence nor the law. He argues that it was not shown that, in abducting Dillon, he did so "with intent to cause such person (Dillon) to be secretly confined or imprisoned against his or her will."
51 C.J.S. Kidnapping § 1(7) (1967) states:
A person may be secretly confined in a motor vehicle while it is in motion on the highways of the state or parked in a secluded area.
When one is forced at gun point to enter an automobile, and while confined therein is driven away against his will from a place where he has a right to be, along a route and to a destination unknown to his friends and acquaintances, he is, within the meaning of the statute, "secretly confined and imprisoned."
The principles announced in McGuire v. State, 231 Miss. 375, 95 So.2d 537 (1957) *844 support this view and contentions similar to those now advanced by appellant were rejected.
The jury's verdict was neither against the law nor the evidence. Johnson's acts, according to undisputed evidence, were sufficient to constitute the crime of kidnapping as defined by section 2238, supra.
The judgment appealed from must be affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, ROBERTSON and SUGG, JJ., concur.