SMITH, Presiding Justice, for the Court:
George Ronald Ulmer was indicted for the crime of kidnapping pursuant to Mississippi Code Annotated section 97-3-51 (1972).[1] He was tried and convicted in the Circuit Court of Smith County, and was sentenced to serve a term of six years in the penitentiary.
The facts of the case are largely undisputed. During the evening of January 28, 1980, Ulmer came to the home of Juanita Bryant. Mrs. Bryant was home with her two children and her husband was out of town at that time. Ulmer falsely identified himself as “Gregg Maddox” and asked if he could get some water since his car was running hot, even though he did not have a car.
Mrs. Bryant testified that while she was trying to get water for Ulmer, he stood at her doorway with his hands in his pockets giving her the impression that he had a gun. Thereafter, the defendant requested the use of a phone and since Mrs. Bryant did not have one at the house she agreed to take the defendant to the local store to use the phone there. Mrs. Bryant, along with her two children, then drove the defendant there only to discover that the store phone was not operating. Mrs. Bryant returned home, and said that on the return trip the defendant had told her that he had a gun in his pocket. When they arrived at the house, Mrs. Bryant refused to leave the car. Thereupon, the defendant directed her to drive him to where his alleged car was, although actually he did not have a car. While defendant was directing Mrs. Bryant to the location at which he said he had left his car, he reiterated that he did, in fact, have a gun. Mrs. Bryant drove for some time at appellant’s direction, becoming more and more alarmed. Finally, in desperation, Mrs. Bryant purposely drove her car into a ditch causing the defendant to become very angry. A struggle ensued, in the course of which Mrs. Bryant told her older child to run to a nearby house for help, which the child did. Whereupon, defendant told Mrs. Bryant that he “wanted” her, but shortly thereafter he abandoned the struggle. He then told Mrs. Bryant that he did not know what was the matter with him, told her to leave and got out of her car.
Appellant’s testimony was substantially the same as Mrs. Bryant’s, except that he said that he never told Mrs. Bryant that he had a gun and asserted that he never had any thought of raping Mrs. Bryant. Appellant’s testimony was substantially weakened by his statement given at the Smith County Sheriff’s office in which he had *829 admitted that he had told Mrs. Bryant that he had a gun while they were looking for his non-existent car, and said that it had been his intention to rape Mrs. Bryant.
The older of the Bryant children also testified substantially to the same effect as had her mother.
The jury found Ulmer guilty of kidnapping under Mississippi Code Annotated 97-3-51 (1972). Ulmer appeals the conviction claiming that it is against the overwhelming weight of the evidence.
In Johnson v. State, 288 So.2d 842 (Miss.1974), this Court held that where one is forced to enter an automobile at gunpoint, and while confined therein is driven away against his will from a place where he has a right to be, along a route and to a destination unknown to his friends and acquaintances, he is, within the meaning of the statute, secretly confined. In the present case, although Ulmer did not force Mrs. Bryant to enter the car at gunpoint, having induced her to do so by false representations, she was effectively imprisoned in her car by his threat that he had a gun and by means of this implied threat of personal violence, forced her to drive to an unknown destination. Mrs. Bryant was thus deprived of her freedom, caused to be confined against her will, and forced to drive away from her home and family. It is of no consequence that the weapon was not openly displayed, it is sufficient that the defendant told his victim that he was armed and through threats of harm, express or implied, deprived the victim of her freedom.
The evidence in the present case clearly justified a finding by the jury that Ulmer, having inveigled Mrs. Bryant into her automobile, with intent to cause her to be secretly confined or imprisoned against her will, thereafter, by threat of force, deprived her of her liberty within the meaning of Mississippi Code Annotated section 97-3-51 (1972).
The evidence was sufficient to support the verdict of guilty of kidnapping as proscribed by Mississippi Code Annotated section 97-3-51 (1972).
AFFIRMED.
PATTERSON, C. J., ROBERTSON, P. J., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.

. Repealed by Laws, 1980, ch. 394, effective from and after April 28, 1980.