**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 29, 2010

No. 10-60264
Summary Calendar

Lyle W. Cayce
Clerk

JANE DOE,

Plaintiff–Appellant

v.

COLONY INSURANCE CO., individually and a member of Colony Member Argonaut Group; COLONY NATIONAL INSURANCE COMPANY, individually and a member of Colony Member Argonaut Group; COLONY SPECIALTY INSURANCE COMPANY, individually and a member of Colony Member Argonaut Group; COLONY MANAGEMENT SERVICES, INCORPORATED, individually and a member of Colony Member Argonaut Group; COLONY MEMBER ARGONAUT GROUP,

Defendants–Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:07-CV-172

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jane Doe ("Doe") filed this action seeking a declaration that Colony

Insurance Co., Colony National Insurance Co., Colony Specialty Insurance Co.,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Colony Management Services, Inc., and Colony Member Argonaut Group (collectively, "Colony") are required to defend their policyholders against and indemnify for claims brought by Doe in a separate action in Mississippi state court. The district court concluded that no coverage existed for Doe's claims and granted Colony's motion for summary judgment. We AFFIRM.

## FACTS AND PROCEEDINGS

This appeal arises out of the 2006 kidnaping and rape of Jane Doe[1] by Patrick Cox at the Sunrise Food Mart ("Sunrise") in Jackson, Mississippi. In November 2006, Doe was standing outside at Sunrise, pumping gas into her truck. Cox approached her, told her not to scream or he would "blow her brains out," and directed her to get into the back of her truck. He took her keys out of her hand. She complied with his instruction to lie down in the cab of the truck. She never saw a gun, but Cox told her that he had one. Cox drove away from the gas station with Doe in the cab. He stopped several miles later, wrapped the cord of a cell phone charger around Doe's throat, and sexually assaulted her. Cox was ultimately convicted of kidnaping, carjacking, and rape. He received a sentence of seventy-three years' imprisonment.

In 2006, Sunrise and its owners, Ravinder Kumar Sharma and Suman Sharma (collectively, "Sharma"), had insurance coverage under a commercial general liability policy ("Policy") issued by Colony. Doe filed suit in Mississippi state court against Cox, Sunrise, and Sharma, alleging—in relevant part—negligence and premises liability claims arising out of the harm that Cox inflicted on her. She then filed a declaratory judgment action in Mississippi state court against Colony. Colony removed the case to federal court and moved

---

[1] Because the Plaintiff was a victim of sexual assault, she has used the pseudonym "Jane Doe."

for summary judgment, arguing that the Assault and Battery Exclusion in the Policy barred all of the claims and damages. The district court granted the motion, applying Mississippi law, and concluding that the kidnaping of Doe was a forcible crime that arose from an assault and battery and was therefore not covered by the Policy. Doe appealed to this court.

## STANDARD OF REVIEW

We review the district court's decision to grant a motion for summary judgment *de novo*, "applying the same standards as the district court." *Cooper v. Hewlett-Packard Co.*, 592 F.3d 645, 651 (5th Cir. 2009). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials [], and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).

## DISCUSSION

The Policy covers, in relevant part, "bodily injuries" occurring at Sunrise. It excludes from coverage, also in relevant part, "damages or expenses due to 'bodily injury' . . . arising out of or resulting from: (1) Assault and Battery committed by any person; (2) The failure to suppress or prevent assault and battery by any person; (3) The failure to provide an environment safe from assault and battery or failure to warn of the dangers of the environment which could contribute to assault and battery" ("Assault and Battery Exclusion").

Doe argues that the Assault and Battery Exclusion does not bar coverage under the Policy for all of her claims against Sunrise and Sharma. She submits that, under Mississippi law, a harm caused by both a covered and an uncovered peril is compensable if the covered peril "contributed significantly" to the harm. She asserts that the kidnaping was a covered peril that contributed significantly to her damages. The kidnaping is covered, she submits, because it was a separate event accomplished solely by inveiglement and unaccompanied by force,

3

such that it did not "aris[e] out of or result[]ing from [an] Assault and Battery" and does not fall within the Assault and Battery Exclusion.

It is clear that the kidnaping and Doe's resulting bodily injuries "arose out of or resulted from" an assault and battery by Cox. While Doe notes that it is possible for a kidnaping in Mississippi to occur without the use of force, the facts of *this* kidnaping show that it involved force. The undisputed facts do not support Doe's new theory that Cox merely inveigled her into driving away with him. Doe alleges that Cox advanced toward her at the gas pump, threatened to shoot her if she screamed, grabbed her keys out of her hand, instructed her to get the cab or he would kill her, climbed into the truck behind her, and drove off with the gas pump still in the truck. Outside of Cox's threats to kill her and his physical acts of advancing toward her, climbing over her, and grabbing the keys from her, his claims to have a gun and his repeated threats to use it on her also constitute a seizure of Doe by force. *See Ulmver v. State*, 406 So. 2d 828, 829 (Miss. 1981) (holding that threat of a gun was an use of force, even where defendant did not actually possess one). Because Cox used obvious force, he did not accomplish her kidnaping by mere inveiglement. "Inveigling has no component of force, but only of coaxing. One does not forcibly inveigle." *Myers v. State*, 770 So. 2d 542, 544 (Miss. Ct. App. 2000); *see also Brewer v. State*, 459 So. 2d 293, 296–97 (Miss. 1984) (restating the elements of Miss. Code Ann. § 97-3-53 as requiring "the state [to] prove that a person . . . *either* (1) *forcibly seized and confined another person*, or (2) inveigled or kidnapped another person (3) with intent") (emphasis in original).

We recognize that exclusionary clauses in insurance policies "are liberally construed in favor of the insured and strictly construed against the insurer." *Burton v. Choctaw*, 720 So. 2d 1, 8 (Miss. 1997); *accord QBE Ins. Corp. v. Brown*

4

*& Mitchell, Inc.*, 591 F.3d 439, 443 (5th Cir. 2009).  Even strictly construed, the language of the Assault and Battery Exclusion broadly excludes liability for bodily injury that arises out of or results from an assault and battery.  Doe's alleged injuries all "arose out of" the assault and battery that occurred at Sunrise.  Her claims fall within the exclusion, relieving Colony of any duty to defend Sunrise and Sharma against or indemnify them for these claims.  The cases cited by plaintiff from other jurisdictions are consistent with the Court's conclusions in this case.

## CONCLUSION

For the reasons set forth above, we AFFIRM the district court's grant of summary judgment in favor of Colony.